┌─────────────────────────────────────────────────────────┐
│               **NOT FOR PUBLICATION WITHOUT THE**             │
│             **APPROVAL OF THE APPELLATE DIVISION**            │
│                                                         │
│ This opinion shall not "constitute precedent or be binding upon any court." │
│ Although it is posted on the internet, this opinion is binding only on the │
│   parties in the case and its use in other cases is limited. R.1:36-3.  │
└─────────────────────────────────────────────────────────┘

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0503-15T3

WELLS FARGO, N.A.,

     Plaintiff-Respondent,

v.

SHERRI Y. SCAFE,

     Defendant-Appellant.

_____

     Submitted February 7, 2017 — Decided August 10, 2017

     Before Judges Suter and Guadagno.

     On appeal from the Superior Court of New Jersey, Chancery Division, Camden County, Docket No. F-023370-12.

     Sherri Y. Scafe, appellant pro se.

     Phelan Hallinan Diamond & Jones, PC, attorneys for respondent (Brian Yoder, on the brief).

PER CURIAM

Pro se defendant, Sherri Y. Scafe, also known as Nin el Ameen Bey[1], appeals from the August 14, 2015 Chancery Division order denying her motion to vacate a June 9, 2014 final judgment of foreclosure. We affirm.

On January 7, 2008, defendant executed a promissory note to AmTrust Bank (AmTrust) for repayment of a loan in the amount of $288,900. The note was secured by a non-purchase money mortgage on real property located at 60 Orlando Drive, Sicklerville, in favor of Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for AmTrust. The mortgage was recorded in the Camden County Clerk's Office on January 14, 2008. MERS, as nominee for AmTrust, subsequently assigned the mortgage to plaintiff, Wells Fargo Bank, N.A.

In September 2011, defendant defaulted on the required monthly payments and Wells Fargo Home Mortgage sent defendant a notice of intention to foreclose dated October 9, 2011, by regular and certified mail at the mortgaged premises.

After defendant failed to cure the default, plaintiff filed a complaint for foreclosure on October 17, 2012. Defendant was served by regular and certified mail at the mortgaged premises

---

[1] When the Chancery judge addressed defendant as Sherri Scafe, she promptly corrected the judge, stating her name was Nin El Ameen Bey.

on April 29, 2013. Defendant failed to file responsive pleadings and a default was entered against her on September 5, 2013. On February 20, 2014, plaintiff mailed notice of entry of default to defendant.

On March 4, 2014, defendant filed a Chapter 7 bankruptcy petition, but the matter was dismissed by the bankruptcy court twenty days later. In May 2014, plaintiff moved for a final judgment of foreclosure. While that motion was pending, defendant attempted to remove the matter to federal district court. On June 18, 2014, District Judge Robert B. Kugler remanded the matter to the Chancery Division.

Final judgment of foreclosure was entered on June 9, 2014 and a copy of the judgement was mailed to defendant at the mortgaged premises. A sheriff's sale was scheduled for August 20, 2014, but defendant filed a second petition for bankruptcy on August 1, 2014. After the bankruptcy court entered a discharge on June 19, 2015, defendant moved to vacate the June 9, 2014 judgment of foreclosure and dismiss the foreclosure complaint. The Chancery judge denied defendant's motion on August 14, 2015.

On appeal, defendant claims the Chancery judge erred in not vacating the judgment of foreclosure; the court lacked subject matter jurisdiction to enter the foreclosure judgment; plaintiff

A-0503-15T3

failed to join an indispensable party; and defendant pled a meritorious defense.

None of defendant's arguments have sufficient merit to warrant further discussion in our opinion beyond these brief observations. R. 2:11-3(e)(1)(E).

During oral argument on her motion to vacate the judgment of foreclosure, defendant objected to Wells Fargo being a party to the matter and argued that the Federal National Mortgage Association ("Fannie Mae"), should have been joined as a party. When counsel for plaintiff noted that defendant had not challenged plaintiff's standing in her moving papers, defendant claimed that plaintiff failed to serve her with "notice of acceleration." The Chancery judge then read the acceleration provision in the mortgage to defendant and explained that the October 9, 2011, notice of intent to foreclose was served one year before the foreclosure complaint was filed. Because defendant failed to contest the foreclosure and default was entered, the judge explained that defendant waived any challenge to standing or to the sufficiency of the notice.

Almost six years after defendant defaulted on this mortgage, the matter is still pending, with defendant continuing

to reside in the mortgaged premises without paying the mortgage or property taxes.[2]

We affirm the denial of defendant's motion to vacate the June 9, 2014 final judgment of foreclosure and direct that, absent a stay by the Supreme Court, a sheriff's sale be scheduled within sixty days of the filing of this opinion.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] We note the observation of District Judge Kugler in his opinion dismissing a related complaint submitted by defendant against several Wells Fargo employees, which he described as "gibberish-filled":

> this Court cannot rule out the possibility that Plaintiffs did not commence this matter with bona fide litigation in mind. Indeed, the content of the Pleading suggests that Plaintiffs might be attempting to capitalize on the docketing system of federal courts in general, and this District in particular, in order to: (a) assert that their Pleading is "on file" with this District; and then (b) build on this fact by self-declaring their right to a certain real estate property (seemingly, 60 Orlando Drive, Sicklerville, New Jersey), and by claiming that this property is free from mortgage encumbrances held, seemingly, by the Wells Fargo Bank.
>
> [Bey v. Stumpf, 825 F. Supp. 2d 537, 556 (D.N.J. 2011).]

A-0503-15T3